UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALBERT J. CATALANO, individually and as
Trustee for the Catalano & Associates, Inc., Defined
Benefit Plan and Trust; DONNA I. CATALANO,
and L & M GBC, CAT, LLC,

                    Plaintiffs,

-vs-                                        Case No. 2:08-cv-667-FtM-29SPC

COHEN & GRIGSBY, P.C.; HENRY C. COHEN;
THAD D. KIRKPATRICK and
OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY,

                      Defendants.
_____

## ORDER

This matter comes before the Court on the Plaintiff Albert J. Catalano's Motion for Leave to File Supplement Disclosure of Expert Reports and Disclosure Expert and/or for Extension of Time to Modify the Schedule (Doc. #66 ) filed on May 14, 2010. The Defendant filed its Response in Opposition on May 18, 2010. The Motion is now ripe for review.

On December 30, 2009, a Case Management and Scheduling Order was entered that required Plaintiffs to disclose their expert reports by April 1, 2010, and Defendants to disclose their expert reports by May 4, 2010. On April 1, 2010, Plaintiff disclosed the following three expert reports: (a) the Summary Appraisal Report prepared by Armalavage & Associates, Inc. with an appraisal date of September 9, 2009 ; (b) the Summary Appraisal Report prepared by Carroll & Carroll, Inc. as of March 14, 2005; and (c) the Complete Appraisal/Summary Report for the TIB Bank of the Keys prepared by Carroll & Carroll, LLP as of December 6, 2004. The Plaintiff states that he wishes to

supplement the above listed expert reports stating that he inadvertently left out one of his experts from his disclosure on April 1, 2010. The Plaintiff claims that the non-disclosure of the failure to disclose the expert report related to his claims for legal malpractice and breach of fiduciary duty was inadvertent. Plaintiff's Counsel asserts that he believed the report had been filed along with the other reports and was not aware of its non-disclosure until the Defendants filed their related expert reports.

The Defendant opposes the Motion, arguing that the time to disclose expert reports had lapsed prior to the Motion for leave being filed. The Defendant argues the Plaintiff failed to demonstrate the required excusable neglect and that under Fed. R. Civ. P. 37, the expert report regarding the legal malpractice and breach of fiduciary duty should be excluded from the trial.

Pursuant to Fed. R. Civ. P. (6)(b)(2), if an enlargement of time request is made after the deadline for the act to be done expires, the Court, at its discretion, may grant the enlargement of time request where the failure to act was the result of excusable neglect. <u>Clinkscales v. Chevron U.S.A., Inc.</u>, 831 F.2d 1565, 1568 n. 10 (11th Cir. 1987). The Supreme Court has noted that excusable neglect is an elastic concept which must be assessed in view of all relevant circumstances surrounding the omission. <u>Roberson v Church</u>, 2009 WL 5067800 *1 (M.D. Fla. December 16, 2009)(citing <u>Pioneer Investment Services Co. v. Brunswick Associates, LTD. Partenership</u>, 507 U.S. 380, 390, 113 S. Ct. 1489, 1496-1498 (1993)).

The decision whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." <u>Roberson,</u> 2009 WL 5067800 *1 <u>(citing</u> <u>Pioneer Investment Services Co.</u>, 507 U.S. 380, 390, (determining meaning of term "excusable neglect" in context of bankrupcty rule). The Court should consider "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for

the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Roberson, 2009 WL 5067800 *1 (citing Advanced Estimating System, Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir.1996) (alteration in original)(applying Pioneer analysis in context of Rule 4(a)(5), Federal Rules of Appellate Procedure). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." Roberson, 2009 WL 5067800 *1. The inquiry is whether or not prejudice results from the delay, not from having to continue to litigate the case. Connecticut State Dental v. Anthem Health Plans, 591 F. 3d 1337 (11th Cir. 2009).

In the case at bar, an extension poses little danger of prejudice to the Defendants. It is clear from the memoranda of law submitted by the Parties that the Plaintiff had a clerical oversight and moved to correct the oversight in a timely manner. Given the length of time until the trial term– the trial is not scheduled until the January 3, 2011, there will be little prejudice to the Defendant. In order to further accommodate any hardship for the Defendant, the Court will allow sixty (60) days for the Defendant to review the supplemental expert report and conduct any discovery necessary, and to file a rebuttal expert if deemed appropriate.

Accordingly, it is now

**ORDERED:**

The Plaintiff Albert J. Catalano's Motion for Leave to File Supplement Disclosure of Expert Reports and Disclosure Expert and/or for Extension of Time to Modify the Schedule (Doc. #66 ) is **GRANTED**.

(1) The Plaintiff's Supplemental Expert Report is due on or before **Tuesday, June 1, 2010.**

(2) The Defendants have leave to file a rebuttal expert report on or before **June 30, 2010.**

(3) The Discovery Deadline is Enlarged up to and including **July 30, 2010.**

**DONE AND ORDERED** at Fort Myers, Florida, this   25th   day of May, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record